UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                      CASE NO. 08-7670

PHILLIP A. WALKER,

        Debtor.
_____/

PHILLIP A. WALKER,

        Plainitff,

v.                                                          ADV. PRO. NO. 08-418

CLEARPOINT FINANCIAL SOLUTIONS, INC.
d/b/a CREDIT COUNSELORS
AND CDC DEBT COUNSELING,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS

This Proceeding is before the Court on the Defendant, Clearpoint Financial Solutions, Inc.'s, Motion for Sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011, 11 U.S.C. § 105, and the Court's inherent powers. After a hearing held on July 29, 2009, and upon review of the evidence the Court finds it appropriate to grant Defendant's Motion for Sanctions.

### Background

On January 9, 2008, Phillip Walker ("Plaintiff") entered into an agreement (the "Agreement") with Clearpoint Financial Solutions, Inc. ("Defendant"), a non-profit organization that helps its clients eliminate debt. (Pl.'s Ex 1). The Agreement provided that Defendant would use Plaintiff's monthly payments to negotiate settlements with Plaintiff's creditors. Plaintiff alleges he entered into the agreement based on Defendant's representations that it could help him

1

avoid filing for bankruptcy. (Pl.'s Ex. 1). The agreement states in bold type at the top of page 1, **"NONPROFIT DEBT COUNSELING NOTICE."** The agreement also states on page 1, in bold type, **"PLEASE NOTE: THE COMPANY is a 501(c)(3) nonprofit organization."** (Pl.'s Ex. 1).

Prior to filing the complaint, Plaintiff's counsel ran an unsuccessful search on the IRS database for charities to determine whether Defendant's non-profit status had been revoked. Instead of searching Defendant's legal name of Clearpoint, Plaintiff's counsel searched the words "clear" and "clear point." The evidence shows, however, that when Defendant's legal name is typed into the IRS's search engine for charities, it is the only entity that is displayed. (Def.'s Ex. 3).

On December 7, 2008, Plaintiff filed a petition for relief under Chapter 7 the Bankruptcy Code. On December 19, 2008, Plaintiff filed a cause of action against Defendant for: (1) the avoidance of fraudulent transfers, (2) a violation of 11 U.S.C. § 526 of the Bankruptcy Code, and (3) breach of fiduciary duty and self-dealing. Plaintiff's counsel of record is Bryan Mickler, who is a partner at the law firm of Mickler & Mickler.

Plaintiff alleged in paragraph 16 of the original complaint that "the Defendant kept a large portion of each payment for it[s] own use and distributed very little to creditors." (Pl.'s Complaint p. 3). The Client Trust Activity report, however, shows Defendant received a monthly payment of $35.00, as authorized pursuant to the terms of the Agreement, and distributed the remainder of Plaintiff's funds to his creditors. (Def's Answer to Complaint, Ex. C).

On January 16, 2009, Defendant filed its Answer and Affirmative Defenses to Plaintiff's complaint. Defendant also filed a Motion to Dismiss the first claim for relief (avoidance of

fraudulent transfers) on the basis that it failed to state a cause of action. On February 20, 2009, the Court entered an Order Granting Defendant's Motion to Dismiss First Claim for Relief.

On April 30, 2009, Plaintiff filed a Motion to Amend Complaint. The Amended Complaint, which asserts a preference claim pursuant to 11 U.S.C. Section 547, did not reference the counts contained in the original complaint and stated "the Complaint has been amended to include a preference action." On May 8, 2009, Defendant filed an objection to Plaintiff's Motion to Amend Complaint.

On May 1, 2009, Defendant served Plaintiff with a copy of its Motion for Sanctions. On June 9, 2009, Defendant filed its Motion for Sanctions with the Court. On June 16, 2009, the Court entered an Order Granting Plaintiff's Motion to Amend Complaint, which provided in part: "Plaintiff's Motion to Amend Complaint is granted. All other matters not alleged and not previously dismissed are deemed abandoned."

At 12:30 a.m. on Saturday, July 25, 2009, Defendant's counsel received a text on her cell phone in reference to the instant proceeding. The text states:

> "Hey Kim Israel, $265 per hr?? Come on. Raise your rate. You should be at least be around $350.00 - I'd say -- for you, $425.00 at least. btw -- u will loose 9011. And, your debt-buyer-conduit client will be subject to my motion for class cert. Really -- (which maybe okay with you, just bone up rule 7023 and all that stuff -- you could make some money on this)." (Def.'s Ex. 2).

At the hearing, Plaintiff's counsel, Bryan Mickler, confirmed that the text was sent from his associate, attorney Brett Mearkle's, phone. Mr. Mickler represented to the Court that prior to the text message being introduced into evidence, that he did not have prior knowledge of the text.

Defendant's Motion for Sanctions seeks to recover the attorney's fees it has incurred in defending itself against what it considers to be frivolous causes of action that have been filed in bad faith. Defendant asserts Mr. Mearkle's text is indicative of bad faith.

### Analysis

**A.     Safe Harbor Provision of Rule 9011**

Prior to reaching the merits of Defendant's Motion for Sanctions, the Court will address Plaintiff's argument that because the Court granted its Motion to Amend Complaint the Defendant should have withdrawn its Motion for Sanctions.

Bankruptcy Rule 9011(c)(1)(A) states in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). *If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.*"

Bankruptcy Rule 9011(c)(1)(A) (emphasis added).

The Eleventh Circuit has held that a party who moves for sanctions under Bankruptcy Rule 9011 must follow a two-step process. In re Walker, 532 F.3d 1304, 1307 (11th Cir. 2008). "The party first must serve the motion on the opposing party and then, at least twenty-one days later, file the motion with the court. Id. This process provides a "safe harbor" in which the offending party can avoid sanctions by withdrawing or correcting the challenged document or position after receiving notice of the alleged violation." The Eleventh Circuit has also held that the filing and service of a sanctions motion "must occur prior to final judgment or judicial rejection of the offending" motion. Walker, 532 F.3d at 1309 (*citing* Ridder v. City of Springfield, 109 F.3d 288, 295 (6th Cir. 1997)).

4

The timeline of events is as follows: (1) On April 30, 2009, Plaintiff filed a Motion to Amend Complaint; (2) On May 1, 2009, Defendant served Plaintiff's counsel with its Motion for Sanctions, and (3) on June 6, 2009, *prior* to the Court granting Plaintiff's Motion to Amend Complaint on June 16, 2009, Defendant filed its sanctions motion with the Court.

When the Court allowed Plaintiff to amend his complaint it was not making a "final judgment" on the amended complaint but merely following the well established rule that "leave [to amend] shall be freely given when justice so requires." Fed. Rule Civ. Proc. 15(a) (made applicable to adversary proceedings by Fed. Rule Bkrtcy. Proc. 7015); see also Bamm v. GAF Corp., 651 F.2d 389,391 (5th Cir. Unit B 1981)(absent prejudice to the defendant, bad faith or undue delay on the part of the plaintiff, it is an abuse of the court's discretion to deny leave to amend.). Plaintiff also never dismissed or withdrew the remaining counts in the original complaint. The Motion to Amend Complaint merely stated, "the Complaint has been amended to *include* a preference action." (Emphasis added). No reference to the counts contained in the original complaint is made in either the Motion to Amend or the Amended Complaint itself.[1] Therefore, although the Court deemed the original counts in the complaint to be abandoned, Plaintiff did not affirmatively withdraw or appropriately correct the counts in the original complaint, prior to when the Motion for Sanctions was filed with the Court. Thus, Defendant understandably felt as though it did not have any assurance that Plaintiff would not attempt to revive or re-plead those claims. Based on the above, the Court finds Defendant complied with Rule 9011's "safe harbor" provision.[2]

---

[1] Because the Amended Complaint did not reference the counts in the original complaint the Court ordered that, "[A]ll matters alleged and not previously dismissed are deemed abandoned."

[2] Even if the Safe Harbor provision of Rule 9011 was not complied with, the Eleventh Circuit has recognized that sanctions imposed under 11 U.S.C. § 105(a) and the court's inherent powers are not

5

**B.     Sanctions**

"Sanctions under Bankruptcy 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." In re Mroz, 65 F.3d 1567, 1572 (11th Cir. 1995). Sanctions can also be imposed under 11 U.S.C. § 105 and the Court's inherent powers. See In re Evergreen Sec., Ltd., 570 F.3d 1257, 1273, 1274 (11th Cir. 2009).

Bankruptcy Code § 105(a) permits the Court to "... issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title", and to take "... any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a); cf. Marrama v. Citizens Bank of Mass., 127 S.Ct. 1105, 1112 (2007)(noting the "broad authority granted to bankruptcy judges to take any action that is necessary or appropriate to prevent an abuse of process," and further, even if § 105(a) had not been enacted, that the bankruptcy court's inherent powers permit it to sanction "abusive litigation practices").

Due to the breadth of inherent powers that federal courts possess, it is necessary that the courts "exercise caution in invoking [their] inherent power." Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2136 (1991). Therefore, "[t]o impose sanctions under the court's inherent power, the court must find bad faith." Id., see also In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008); Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith."). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the

---

affected by the safe harbor provision of Rule 9011. In re Evergreen Sec., Ltd., 570 F.3d 1257, 1273, 1274 (11th Cir. 2009).

6

litigation or hampering enforcement of a court order." In re Walker, 532 F.3d at 1309(citing Barnes, 158 F.3d at 1214) (internal quotations omitted). "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." Barnes, 158 F.3d at 1214; see also Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695-96 (11th Cir. 1995)(finding a court must decide whether a reasonable inquiry was performed prior to the filing of a pleading); In the Matter of Med. One, Inc., 68 B.R. 150, 152 (Bankr. M.D. Fla. 1986)(failure to perform a reasonable inquiry as to whether a filing alleging valid claims was sanctionable). Further, to advance "groundless and patently frivolous litigation" is "tantamount to bad faith." Glass v. Pfeffer, 849 F.2d 1261, 1265 (10th Cir. 1988).

Defendant contends the counts contained in Plaintiff's original complaint constitute a frivolous filing. Specifically, Defendant maintains that despite its nonprofit status being clearly disclosed, Plaintiff still alleged it violated 11 U.S.C. § 526, which is entitled "Restrictions on debt relief agencies." Defendant asserts § 526 is not applicable to it because it is excluded from being defined as a "debt relief agency" due to its classification as a nonprofit organization. (Def.'s Ex. 3). Defendant also alleges that Plaintiff's claim against it for breach of fiduciary duty and self dealing is a frivolous filing because there is no evidence to support the allegation that Defendant engaged in self dealing. In support, Defendant references the Client Trust Activity report that shows it took only its authorized administrative fee of $35.00 per month and that the remainder of Plaintiff's funds were distributed to his creditors. (Def.'s Answer to Complaint, Ex. C).

In response, Plaintiff's counsel maintains that prior to filing the complaint he searched the IRS's charity database to see if Defendant's non-profit status was still active, but that Defendant did not appear on the list of non-profit organizations. Plaintiff's counsel admits, however, that he searched the words "clear" and "clear point," instead of the company's legal name of

7

"ClearPoint." Plaintiff's counsel also maintains that he relied on a case which held that in order for a credit repair organization to be exempt from the Credit Repair Organizations Act (CROA) that the organization "must actually operate as a nonprofit organization *and* be exempt from taxation under section 501(c)(3)." Zimmerman v. Cambridge Credit Counseling Corp., 409 F.3d 473 (1st Cir. 2005). Because the exemption provision in the CROA mirrors the exemption provision for non-profit companies under Section 526 of the Bankruptcy Code, Plaintiff's counsel contends that Defendant's status of being exempt under § 501(c)(3) is not sufficient to exempt it from being classified as a "debt relief agency" under § 526.

Defendant also alleges that Plaintiff's Amended Complaint, brought pursuant to § 547, was filed in bad faith because the complaint inaccurately classifies Defendant as a creditor of the debtor and implies it received and retained a total of $3,402.75 in transfers, when the evidence shows Defendant retained only $105.00 in contractually authorized fees during the preference period, and that the remainder of the monies were distributed to Plaintiff's creditors pursuant to the parties Agreement. Conversely, Plaintiff maintains that it can prove all the necessary elements required to prevail under § 547.

Defendant also contends that the text message its attorney, Kim Israel, received from Brett Mearkle indicates bad faith.

The Court finds the Motion for Sanctions should be granted. First, Plaintiff failed to make a reasonable inquiry into Defendant's status as a nonprofit organization prior to filing the complaint. It is not plausible that Plaintiff's counsel did not attempt to locate the Defendant in the IRS's charity database under its legal name, and the evidence shows that when Defendant's legal name is searched it is the only entity listed. (Def.'s Ex. 3). Additionally, Plaintiff's reliance on the Zimmerman case is misplaced. In Zimmerman, the court found the complaint sufficiently

8

alleged that the organization was not operating as a nonprofit organization. Zimmerman, 409 F.3d 473, 478-79. No such allegation is made in Plaintiff's complaint and there is no evidence to suggest that Plaintiff's counsel made a reasonable inquiry into whether Defendant operates as a nonprofit organization.

There is also no evidence to support Plaintiff's allegation in paragraph 16 of the original complaint that "the Defendant kept a large portion of each payment for it[s] own use and distributed very little to creditors." (Pl.'s Complaint p. 3). The Client Trust Activity report shows the Defendant took only its authorized administrative fee of $35.00 per month and that the remainder of Plaintiff's funds was distributed to his creditors. (Def.'s Answer to Complaint, Ex. C). Therefore, there is no evidence to support Plaintiff's claim of breach of fiduciary duty and self-dealing.

Most concerning to the Court is the text message sent from Plaintiff's attorney, Brett Mearkle,[3] at 12:30 a.m. on Saturday, July, 25, 2009, to Defendant's counsel, Kim Israel. To quote, Mr. Mearkle advises Ms. Israel to "just bone up rule 7023 and all that stuff -- you could *make some money* on this." (Emphasis supplied). (Def.'s Ex. 2). Mr. Mearkle's text is an unprofessional exchange that evidences a philosophy towards litigation not for the benefit of the client but as a way to accumulate additional attorney's fees. Mr. Mearkle also revealed his mindset in regards to attorney's fees by encouraging Ms. Israel to raise her rate from $265 per hour to $425 per hour. The text also appears to threaten additional unnecessary litigation by

---

[3] Mr. Mearkle is employed as an associate at the law firm of Mickler & Mickler. Prior to Mr. Mearkle's employment, the firm was comprised solely of the father and son team of Albert and Bryan Mickler, both of whom have significant experience practicing before this Court. Neither Albert nor Bryan Mickler were involved in the sending of the inappropriate text, however, because they employ Mr. Mearkle the Court also holds them responsible. See Rule 9011 (c)(1)(A) "If warranted, the court may award to the prevailing party on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. *Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.*"

stating that Defendant will be subject to his "motion for class cert." (Def.'s Ex. 2). Accordingly, the Court finds that Mr. Mearkle's text message serves as a clear indication of bad faith and Plaintiff's attorneys should proceed cautiously in the continued litigation of this proceeding.[4]

### C. Conclusion

For the reasons discussed above, the Court finds it appropriate to grant Defendant's Motion for Sanctions pursuant to Rule 9011, § 105 and its own inherent powers. The Court shall award sanctions against Plaintiff's attorneys' for all costs and attorneys' fees incurred in the prosecution of this proceeding up through the date of this Order. Accordingly, it is,

ORDERED:

1. Defendant's Motion for Sanctions is granted. The Court shall award sanctions in favor of the Defendant and against Plaintiff's counsel.

2. Defendant's counsel shall file an affidavit with the Court, within ten (10) days from the date of this Order, of all costs and attorney's fees incurred in the prosecution of this proceeding through the date of this Order.

Dated this __17__ day of September, 2009, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

---

[4] The Court expects that in the future Plaintiff's attorneys will thoroughly investigate the legal merits of causes of action they intend to file with this Court. The Court is here to handle all cases and controversies brought before it but does not want to see frivolous litigation and pleadings filed for the sole purpose of attempting to "drum up" attorneys' fees.